# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

MOUSSA BARADJI,
BOP NO. 61011-019

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

1:13-cv-1459-WSD
1:09-cr-241-4-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge E. Clayton Scofield III's Final Report and Recommendation [636] ("R&R"). The R&R considers Movant Moussa Baradji's ("Movant") Motion to Vacate, Set Aside or Correct Sentence By a Person in Federal Custody [614] ("Motion"). The Magistrate Judge recommended that the Motion be dismissed without prejudice for Movant's failure to comply with the Local Rules.

## I. BACKGROUND

In 2010, a jury found Movant guilty of criminal copyright infringement [365], and on February 24, 2011, the Court sentenced [422] Movant to be

imprisoned for a term of fifty (50) months and, upon release, to three (3) years of supervised release.

On May 23, 2013, Movant filed his Motion, asserting that his trial counsel was ineffective.[1]  On May 21, 2014, the Magistrate Judge entered his R&R.  The Magistrate Judge noted that, subsequent to the filing of his Motion, Movant was released from incarceration, and failed to inform the Clerk of his change in address, in violation of the Local Rules.  (R&R at 1).  The Magistrate Judge directed the Clerk to mail a copy of the R&R to Movant at his last known address, and ordered Movant to provide his current address within fourteen (14) days.  (R&R at 1-2).  The Magistrate Judge directed the Clerk to resubmit the case to him if Movant responded by either providing his updated mailing address or informing the Court that his address remained unchanged.  (R&R at 2).  The Magistrate Judge recommended that, should Movant fail to comply with his order, that the Court dismiss the Motion without prejudice, and recommended that no certificate of appealability ("COA") be issued.  (R&R at 2).

The Clerk certified that the R&R was mailed to Movant at his last known address, and Movant has not responded to the Magistrate Judge's order to provide his updated address.  Movant did not file any objections to the R&R.

---

[1]    On August 12, 2013, the Government filed its Response [622] to the Motion, and on September 3, 2013, Movant filed his Reply [623] in support of his Motion.

2

## II. DISCUSSION

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which a party has not asserted objections, the district judge must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

As Movant has not objected to the Magistrate Judge's R&R, the Court reviews the Magistrate Judge's findings and recommendations for plain error. See Slay 714 F.2d at 1095. According to the Federal Bureau of Prisons, Movant was released from prison on May 14, 2014. See http://www.bop.gov/inmateloc/ (last viewed on October 2, 2014; search for BOP No. 61011-019). The Magistrate Judge found that Movant failed to comply with Local Rule 41.2C by failing to inform the Clerk of Movant's change of address, and recommended the Motion be dismissed without prejudice should Movant fail to comply with Local Rule 41.2C

within fourteen (14) days.  See LR 41.2(C), NDGa.  The Court finds no plain error in the Magistrate Judge's findings and recommendation.  See Slay, 714 F.2d at 1095.  Movant's failure to obey the Magistrate Judge's order to provide the Clerk with his current address also requires the dismissal of Movant's Motion.  See LR 41.3(A)(2), NDGa.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). When a district court has denied a habeas petition on procedural grounds without reaching the merits of the underlying constitutional claim, the petitioner must show that (1) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and that (2) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Slack v. McDaniel, 529 U.S. at 484 (2000).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

The Magistrate Judge concluded that no COA should be issued because Movant failed to satisfy the standard set forth in Slack.  Local Rule 41.2C clearly provides that the failure of a *pro se* party to keep the Clerk informed of any change

4

of address constitutes grounds to dismiss the action without prejudice. LR 41.2(C), NDGa. The Court finds no plain error in the Magistrate Judge's determination that a COA should not be issued. See Slay, 714 F.2d at 1095.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge E. Clayton Scofield III's Final Report and Recommendation [636] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Movant's Motion to Vacate, Set Aside or Correct Sentence By a Person in Federal Custody [614] is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED** this 3rd day of October, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE